# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Paul Gray, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:12-cv-03320-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Pate, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), (ECF No. 29), filed November 25, 2013, recommending that Respondent Warden Pate's ("Respondent") Motion for Summary Judgment (ECF No. 20) be granted and that *pro se* Petitioner Paul Gray's ("Petitioner") Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 be denied. (ECF No. 29 at 1). This review considers Petitioner's Objections to the Report ("Objections"), (ECF No. 34), filed December 16, 2013. For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report, **GRANTS** Respondent's motion for summary judgment, and **DENIES** Petitioner's petition with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the magistrate judge's factual and procedural summation is accurate. The court adopts this summary as its own, and only references facts pertinent to the analysis of Petitioner's objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

On August 6, 2001, Petitioner was indicted in Charleston County for two counts of criminal sexual conduct in the first degree and for one count of lewd act upon a minor. (ECF No. 19-10 at 239–244). A three-day jury trial was held October 14–16, 2002 for these charges.

1

*Id.* at 5–238. Petitioner was found guilty of one count of criminal sexual conduct in the first degree and one count of lewd act upon a minor. *Id.* at 333. He was acquitted of one count of criminal sexual conduct in the first degree. (ECF No. 19-1 at 5). Petitioner was sentenced by the trial judge to eighteen years imprisonment for the criminal sexual conduct conviction. (ECF No. 19-10 at 333). The trial judge also sentenced Petitioner to eight years suspended upon time served and five years of probation for the lewd act conviction. *Id.* The trial judge ordered that the sentences be served consecutively. *Id.*

Petitioner filed a direct appeal on April 5, 2004, raising a claim that the trial court erred in admitting the testimony of a child sex abuse expert who testified on behalf of the state. (ECF No. 19-1). The expert testified that it is very common for a child victim to delay reporting a sexual assault. *Id.* at 8–9. Petitioner's trial attorneys as well as Petitioner's attorney on direct appeal argued that the expert's testimony should have been excluded under S.C. R. EVID. 403 because its prejudice substantially outweighed its probative value. *Id.* at 10–11. The South Carolina Court of Appeals denied Petitioner's appeal and affirmed his state court judgment finding the testimony helped explain the victim's delayed disclosure and was not unduly prejudicial. (ECF No. 19-3 at 4–5). The matter was remitted to the lower court on November 17, 2004. (ECF No. 19-4).

Petitioner filed an application for post-conviction relief ("PCR") on May 26, 2005. (ECF No. 19-10 at 268–274). On June 1, 2007, the PCR court held a hearing where Petitioner's PCR counsel argued that Petitioner's trial counsel was ineffective for not presenting an expert witness to rebut the testimony of the state's child sex abuse expert and for not presenting Petitioner's mother as a witness. *Id.* at 283. Petitioner's mother was the victim's babysitter and would have testified that the victim fabricated the charges because the victim wanted to go away to live with

her mother instead of living with her grandmother. *Id.* at 297. Petitioner's trial counsel testified at the hearing that they decided not to call Petitioner's mother as a witness because she was not prepared to testify from her own personal knowledge. *Id.* at 294. On October 3, 2008, the PCR court issued an order finding that Petitioner's contention that an expert witness would have been helpful to his case was merely speculative. *Id.* at 314. The PCR court further found that Petitioner's trial counsel made a reasonable strategic decision in not calling Petitioner's mother as a witness. *Id.* The PCR court concluded that Petitioner had failed to meet the burden of proof set forth under *Strickland v. Washington*, 466 U.S. 668 (1984), for his ineffective assistance of counsel claims. *Id.*

In his petition for a writ of certiorari[1] filed April 28, 2011, in the South Carolina Supreme Court, Petitioner renewed his PCR claims of ineffective assistance of counsel for his trial counsel's failure to call an expert to rebut the testimony of the state's child sex abuse expert regarding delayed reporting and counsel's failure to call Petitioner's mother as a witness. (ECF No. 19-6 at 3). On August 23, 2012, the South Carolina Supreme Court denied Petitioner's petition for both of his claims. (ECF No. 19-8).

Petitioner filed the instant *pro se* habeas petition on November 20, 2012. (ECF No. 1). Petitioner states three grounds for habeas relief. *Id.* First, Petitioner claims that the trial court erred in admitting the testimony of the state's child sex abuse expert concerning delayed reporting because the probative value of the testimony was substantially outweighed by its

---

[1] Petitioner filed a *pro se* appeal of his 2005 PCR application's denial; however, the South Carolina Supreme Court dismissed Petitioner's appeal on January 22, 2009, for failure to timely serve opposing counsel. (ECF No. 19-10 at 317). Petitioner filed a second PCR application on April 22, 2009, raising among other claims that his PCR counsel was ineffective for not properly filing a notice of appeal for his 2005 PCR application. *Id.* at 318–325. By consent order dated June 28, 2010, the court granted Petitioner leave to file a belated petition pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) to seek appellate review of his 2005 PCR application. *Id.* at 333–336.

prejudice. *Id.* at 5.  Second, Petitioner argues that the PCR court erred in not finding that Petitioner's trial counsel was ineffective for failing to present an expert to rebut the testimony of the state's child sex abuse expert. *Id.* at 6.  For a third ground, Petitioner contends that the PCR court erred in denying his claim of ineffective assistance for his trial counsel's failure to call his mother as a witness. *Id.* at 8.

The magistrate judge issued the Report on November 25, 2013. (ECF No. 29).  The Report concluded that Petitioner's first claim regarding the admissibility of the state expert's testimony failed because Petitioner did not demonstrate that the trial court or appeals court misapplied federal law or that the purported evidentiary error denied Petitioner a constitutionally fair proceeding. *Id.* at 11 (citing *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008)).  The magistrate judge further found that Petitioner's first ineffective assistance of counsel claim lacked merit because the South Carolina Supreme Court reasonably determined that Petitioner failed to show prejudice from his trial counsel's decision to not call an expert on delayed disclosure of sexual abuse. *Id.* at 15.  The Report found that Petitioner's second ineffective assistance claim should be denied because the South Carolina Supreme Court reasonably concluded that Petitioner's trial counsel made a sensible strategic decision to not call Petitioner's mother. *Id.* at 18–19. Moreover, the magistrate judge concluded that Petitioner had not shown he was prejudiced by the absence of his mother's testimony at trial.  *Id.*

On December 16, 2013, Petitioner filed objections to the Report contending that the magistrate judge erred in analyzing each of the three grounds of Petitioner's petition.[2] (ECF No. 34).  Petitioner objects to the Report's assessment of his first claim asserting that the state

---

[2] Petitioner also requests throughout his objections that the court hold an evidentiary hearing on the matters raised in his petition.  (*See*, e.g., ECF No. 34 at 4).  Upon consideration of Petitioner's request, the court has determined that an evidentiary hearing is unnecessary for the court to resolve the issues presented by Petitioner's petition.

expert's testimony was highly speculative, significantly impacted the jury verdict, and deprived Petitioner of a fair trial. *Id.* at 4. Petitioner also argues that the state court conducted an improper *Strickland* analysis for both of his ineffective assistance of counsel claims. *Id.* at 7.

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

**Federal Habeas Review**

Federal habeas review is conducted pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In order to grant relief under the AEDPA, the federal court must find that the underlying state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). The court must also assume that the factual determinations made by the state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

5

**DISCUSSION**

As Petitioner is a pro se litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

**First Ground: Admission of State Expert's Testimony**

"[T]he admissibility of evidence is generally a matter of state law which does not properly concern a federal habeas court unless it impugns the fundamental fairness of the trial." *Stockton v. Com. of Va.*, 852 F.2d 740, 748 (4th Cir. 1988). Therefore, the court will not grant relief for an erroneous state evidentiary determination unless the ruling is "so extreme as to result in a denial of a constitutionally fair proceeding." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000). In the instant case, the court does not find that the state appeals court's decision to affirm the admission of the state expert's testimony was an unreasonable application of the law. The South Carolina Court of Appeals found that the testimony assisted the jury in understanding that child victims often delay disclosing sexual abuse. (ECF No. 19-3 at 4–5). The appeals court therefore concluded that the testimony's probative value outweighed any prejudice to Petitioner. *Id.* at 5.

In reaching this decision, the South Carolina Court of Appeals relied upon *State v. Schumpert*, 435 S.E.2d 859 (S.C. 1993) which held that "expert testimony…[is] admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect." *Id.* at 862. The appeals court found further support for its decision in *State v. Weaverling*, 523 S.E.2d 787 (S.C. Ct. App. 1999) which stated that "[e]xpert testimony concerning common behavioral characteristics of sexual assault victims…is

6

admissible." *Id.* at 794. *Weaverling* also observed that such testimony "assists the jury in understanding some of the aspects of the behavior of victims and provides insight into the sexually abused child's often strange demeanor." *Id.*

Given its sound basis in state law, the court finds that the state court's decision was not unreasonable nor did it deprive Petitioner of a fair trial. Accordingly, Respondent is entitled to summary judgment for this ground of Petitioner's petition.

**Second and Third Grounds: Ineffective Assistance of Counsel for Failure to Present Certain Witnesses**

In *Strickland v. Washington,* the United States Supreme Court explained, "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. In addition to showing his counsel's representation "fell below an objective standard of reasonableness", the petitioner must also show "that the deficient performance prejudiced the defense." *Id.* at 687–88. In other words, he must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In satisfying this standard pursuant to a § 2254 challenge, the petitioner must demonstrate that there is no "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2010).

The court agrees with the magistrate judge's conclusion that Petitioner has failed to demonstrate that the state courts unreasonably applied the *Strickland* standard to Petitioner's claims. (*See* ECF No. 29 at 17–19). Petitioner has not shown that the rebuttal testimony of a defense child sex abuse expert or the testimony of his mother would have likely altered the result of his trial. As such, the court finds the state courts did not apply *Strickland* unreasonably.

7

Accordingly, Respondent is granted summary judgment for the second and third grounds of Petitioner's petition.

## CONCLUSION

Upon careful consideration of the record before the court, the court **ACCEPTS** the magistrate judge's Report (ECF No. 29) and incorporates it herein by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 20) is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

March 24, 2014
Greenville, South Carolina

8